UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

RONALD EIDSON )
)
v. ) NO: 2:05-CV-276
)
TENNESSEE DEPARTMENT )
OF CHILDREN'S SERVICES, )
*ET AL.* )
)

## **MEMORANDUM OPINION AND ORDER**

The plaintiff's second amended complaint is before this Court on the motion to dismiss filed on behalf of all the defendants. [Doc. 17]. The plaintiff filed this civil rights action under 42 U.S.C. §§ 1983 and 1985 against the Tennessee Department of Children's Services ("DCS"), Child Protective Services ("CPS"), and certain employees of those agencies in both their individual and official capacities.

The plaintiff alleges that on November 17, 2003, his daughter falsely accused him of sexual abuse. The plaintiff further alleges that on the following day, Leilani Mooneyham ("Mooneyham"), a CPS investigator, interviewed his daughter and decided to remove both her and plaintiff's other child from his custody. The plaintiff alleges that after his children were physically removed from

his custody, DCS did not file a petition for custody in the juvenile court for more than six months in violation of Tennessee law.[1] DCS did not file a petition alleging the minor children to be dependent and neglected until May 24, 2004. The plaintiff alleges that during a subsequent three day hearing before the Juvenile Court for Hawkins County, Tennessee, Mooneyham testified falsely in an attempt to deny the plaintiff the custody of his children. The plaintiff further alleges that based upon Mooneyham's false testimony the court awarded temporary custody of the plaintiff's minor children to DCS, who placed the children with their biological mother.

On June 22, 2004, the plaintiff's daughter recanted her allegations of sexual abuse and said that her mother had put her up to accusing her father. During a hearing held on June 28, 2004, the Juvenile Court was informed of the child's recantation and the Court changed the child's placement from the mother to an aunt and uncle. At a July 22, 2004 hearing, the Court placed the children with their father for a 90 trial home placement. On October 22, 2004, the children were returned to the full custody of the plaintiff. The plaintiff filed his complaint

---

[1] *Tenn. Code Ann.* § 37-1-151 provides that a juvenile court may immediately remove a child from the custody of a parent only upon a finding, based upon a sworn petition or sworn testimony, that there is a probable cause to believe that the child is subject to an immediate threat to the child's health or safety to the extent that delay for a hearing would be likely to result in severe or irreparable harm and that the child is in need of the immediate protection of the court. A hearing must be held within three days, excluding Saturdays, Sundays and legal holidays.

against these defendants on October 24, 2005.

The plaintiff filed an amended complaint on February 10, 2006 prior to the filing of an answer by defendants. Then, on July 6, 2006, the plaintiff filed a second amended complaint, despite a pending motion to dismiss as to the first amended complaint. Nevertheless, the defendants submit that they do not object to the filing of the second amended complaint, and therefore, the Court will consider it properly filed. The defendants make no argument that the filing of the second amended complaint does not relate back to the original filing date of the first complaint.

The defendants argue that the plaintiff's complaint is barred by the statute of limitations. The parties agree that this action is subject to a one year statute of limitations but plaintiff submits that the defendants' actions constitute a continuing violation and the statute of limitations did not begin to run until the return of the plaintiff's children by the juvenile court on October 22, 2004. In the alternative, plaintiff submits that the statute of limitations was tolled during the pendency of the juvenile court proceeding and that, had he filed suit prior to the conclusion of the juvenile court proceeding, this Court would have abstained from hearing the matter in accordance with *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971), and would have dismissed the case. The plaintiff

argues that because the Court might have dismissed any claim filed prior to the conclusion of the juvenile court proceeding in accordance with *Younger*, the applicable statute of limitations should have been tolled during the pendency of the juvenile court proceeding.

The statute of limitations in this § 1983 action began "to run when the plaintiff kn[ew] or ha[d] reason to know of the injury which is the basis of his action." *McCune v. City of Grand Rapids*, 842 F. 2d 903, 905 (6th Cir. 1988). The defendants submit that the plaintiff had reason to know of his injury on the date that his children were removed from the home, that is, November 18, 2003. The plaintiff responds that the doctrine of continuing violation delays the accrual of the plaintiff's action until the completion of the violation. The plaintiff concedes that the removal of the plaintiff's children on November 18, 2003 was a precipitating event in his cause of action but submits that the violation continued by the defendants' failure to timely investigate allegations of abuse, conspiracy on the part of the defendants to prevent the plaintiff from regaining custody of his children, conspiracy with the natural mother to facilitate her acquiring custody of the children, failure to timely file a petition for custody in the juvenile court, false testimony by investigator Mooneyham at the probable cause hearing, and a general allegation that during the 90 day trial home placement, which ultimately resulted in

4

him regaining full custody of his children, the plaintiff was subjected to continual interference by DCS.

In determining whether the plaintiff's allegations constitute a "continuing violation," the Court must conduct a three-part inquiry:

> First, the defendant's wrongful conduct must continue after the precipitating event that began the pattern . . . Second, injury to the plaintiff must continue to accrue after that event. Finally, further injury to the plaintiffs must have been avoidable if the defendants had at any time ceased in the wrongful conduct.

*Tolbert v. State of Ohio Dept. of Transp.*, 172 F. 3d 934, 940 (6th Cir. 1999) (citing *Kuhnle Brothers, Inc. v. County of Geauga*, 103 F. 3d 516, 522 (6th Cir. 1997).

It is clear that simply retaining the children in the State's custody without filing a custody petition is not alone sufficient to establish a continuing violation. *See Minow v. State of Tennessee*, 191 F. 3d 452, 1999 WL 776307 (6th Cir. 1999). As to the first prong of the "continuing violation" test, the plaintiff does allege wrongful acts on behalf of the defendants which occurred after the initial removal of his children. Those include Mooneyham's alleged false testimony during the dependency and neglect hearing. However, a reasonable person would have been put on notice of this alleged violation on the date of Mooneyham's testimony, which testimony occurred more than one year prior to the filing of the plaintiff's complaint. Further, the substantive and procedural due

process complaints of the plaintiff were addressed when a hearing on the DCS petition was held by the juvenile court and the juvenile court found that there was probable cause to conclude that the children were dependent and neglected. Following that hearing, the only allegations the plaintiff makes which would possibly amount to a violation, as opposed to simple inaction on the part of the defendants, is his very vague and general allegation that "during the 90 day trial home placement, the plaintiff and his family were subject to continual interference by DCS." This 90 day trial home placement commenced on July 22, 2004. Despite the alleged interference during that 90 day trial home placement, it is clear that juvenile court not only saw fit to place the children with the plaintiff at the beginning of the 90 day period, but awarded him legal custody at the end of that period. That vague allegation by the plaintiff is akin to the allegation in *Minow* of a continuing conspiracy, which the court found insufficient to extend the date upon which the *Minow* claims accrued. At most, the plaintiff has succeeded in identifying several discrete acts of which the plaintiff would have been "immediately aware when they occurred," and not a continuing violation. *See Bell v. Ohio State University*, 351 F. 3d 240, 248 (6th Cir. 2003). Each of these discrete acts alleged by the plaintiff occurred more than one year prior to the filing of the plaintiff's complaint.

Plaintiff alternatively argues that his cause of action did not accrue until the state juvenile court proceedings ended on October 22, 2004, because this Court would not have entertained his § 1983 cause of action prior to the termination of the state proceedings due to the *Younger* abstention doctrine. Younger abstention applies when the state proceeding 1) is currently pending, 2) involves an important state interest, and 3) affords the plaintiff an adequate opportunity to raise constitutional claims. *Coles v. Granville*, 448 F. 3d 853, 865 (6th Cir. 2006). If the state party files a parallel federal action while the state court proceeding is pending, *Younger* abstention requires the federal court to defer to the state proceeding. *Id.*

At first blush, the plaintiff's argument that his cause of action could not accrue until the completion of the juvenile court proceeding because the *Younger* abstention doctrine would have prevented the pursuit of his federal cause of action in federal court seems very compelling. However, a federal court deciding to abstain under *Younger* has the discretion to either dismiss the case without prejudice or hold the case in abeyance. *Id.* at 866. In exercising this discretion, "[t]he court should also consider whether there are any statutes of limitations issues should the case be dismissed and the limitations clock continue to run." *Id.*. In fact, the Sixth Circuit has determined that a district court, when

abstaining under *Younger,* should stay the proceedings rather than to dismiss without prejudice to avoid "placing plaintiff in a sometimes difficult position of refiling their case before the statute of limitations expires." *Brindley v. McCullen*, 61 F. 3d 507, 509 (6th Cir. 1995). Thus, had the plaintiff filed his § 1983 action during the pendency of the juvenile court proceeding, he argues, this court would have invoked the *Younger* abstention doctrine and would not have acted on his claim. Assuming the *Younger* doctrine to be applicable, as plaintiff argues, this Court would have been required to decide whether to dismiss plaintiff's claim without prejudice or to stay the proceeding pending resolution of the pending juvenile court action.

Citing *Shamaeizadeh v. Cunigan*, 182 F. 3d 391 (6th Cir. 1998), plaintiff argues that the limitations period was tolled by the pending juvenile court proceedings and that his cause of action did not accrue until the conclusion of the juvenile court proceedings. Plaintiff's reliance on *Shamaeizadeh*, however, is misplaced. In *Shamaeizadeh*, the Sixth Circuit held, in light of the Supreme Court's ruling in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), that "[a] cause of action under § 1983 that would imply the invalidity of a conviction does not accrue until the conviction is renewed or expunged, and therefore the statute of limitations does not begin to run until such an event occurs,

8

if ever." *Shamaeizadeh,*, 182 F. 3d at 396. The *Heck* principle has been applied both pre-conviction as well as post-conviction and applies to § 1983 claims that if successful "'would necessarily imply the invalidity <u>of a future conviction on a pending criminal charge</u>.'" *Id.* at 397 (emphasis added) (quoting *Smith v. Holtz*, 87 F. 3d 108, 113 (3rd Cir. 1996) If civil claims were allowed while criminal cases were pending, "'there would be a potential for inconsistent determination in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit.'" *Id.* at 397-390 (quoting *Smith*, 87 F. 3d at 113).

Thus, while a timely filed § 1983 action filed by this plaintiff would likely have been stayed, rather than dismissed, by this Court pending the conclusion of the juvenile court proceedings because of concern about the *Younger* doctrine foreclosing the plaintiff's cause of action, a procedure clearly contemplated by the Sixth Circuit in *Coles v. Granville*, there is no basis for concluding that the juvenile court proceedings tolled the limitations period for the filing of a § 1983 action. *Shamaeizadeh* deals with a § 1983 claim in the context of an underlying criminal case and has no application to the circumstances of this case.

For the foregoing reasons, the Court is of the opinion that the statute

9

of limitations has run as to each of the plaintiff's claims, and, therefore, the defendants' motion to dismiss is **GRANTED**.

SO ORDERED.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE